**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GILBERT SPENCER, III, | : |
| Plaintiff, | : Civil Action No. 19-20945 |
| v. | : |
|  | : **OPINION** |
| PRINCETON UNIVERSITY; MUNICIPALITY OF MERCER COUNTY; MUNICIPALITY OF PRINCETON; JOHN DOES 1-3; and ABC, INC. 1-3 | : |
| Defendants. | : |

**WOLFSON, Chief Judge:**

Presently before the Court are separate motions to dismiss by Defendants County of Mercer ("County")[1] and the Municipality of Princeton ("Municipality") (collectively, "Defendants").[2] The County moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and the Municipality moves to dismiss pursuant to N.J.S.A. 59:8-8 for failure to file a timely Notice of Tort Claim. The instant motions arise out Plaintiff Gilbert Spencer, III's ("Plaintiff") claims for injuries he allegedly suffered as a result of an accident while riding a bicycle on December 10, 2018. Plaintiff alleges that Defendants were careless, grossly negligent, and reckless in failing to maintain a sewage grate, which created a hazard that caused

---

[1] The County of Mercer is incorrectly captioned as "Municipality of Mercer County."

[2] Plaintiff withdrew his claims against Princeton University, and those claims were dismissed without prejudice.

1

the accident. For the reasons that follow, the County's motion to dismiss is **DENIED**, and the Municipality's motion to dismiss is **GRANTED**.

## I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a student at Princeton University. (Compl. ¶ 1.) On December 10, 2018, Plaintiff was riding his bicycle southbound on Washington Road, north of Goheen Walk on the Princeton University campus. (*Id.* ¶ 6.) As Plaintiff rode over an allegedly poorly maintained sewage grate, he was launched from his bicycle to the ground, landing face first. (*Id.* ¶ 8.) Princeton First Aid and Rescue Squad responded to the scene and transported Plaintiff to Princeton Medical Center. (*Id.* ¶ 9.) Plaintiff allegedly suffered serious injuries that led to permanent scarring and required dental implants. (*Id.* ¶ 13.)

On February 18, 2019, Plaintiff filed a timely Tort Claim Notice with the County. On March 6, 2019, counsel for the County acknowledged receipt of the Tort Claim Notice and asked for more details regarding the accident's location. Plaintiff responded with the requested information. On June 29, 2019, Plaintiff received another letter from the County, which stated that the County's investigation revealed that it did not own, maintain, or control the section of Washington Road where the accident occurred.

As a result, Plaintiff filed a Tort Claim Notice with the Municipality two months later, on September 27, 2019. The Municipality responded on October 3, 2019, claiming that Princeton University, not the Municipality, was responsible for maintenance of the road and sewage grate. Subsequently, Plaintiff filed the instant suit against Princeton University, the County, and the Municipality on December 2, 2019. In the Complaint, Plaintiff contends that Defendants were careless, grossly negligent, and reckless in their maintenance of the roadway and the sewage grate, which created a dangerous condition that caused his injuries.

On February 3, 2020, the County filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint against it for failure to state a claim. Plaintiff filed an opposition brief on February 13, 2020. On March 6, 2020, the Municipality filed a motion to dismiss for failure to file a timely notice of tort claim under the New Jersey Tort Claims Act. Plaintiff filed an opposition brief to that motion on March 9, 2020.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

3

To determine whether a plaintiff has met the facial plausibility standard mandated by *Twombly* and *Iqbal*, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the Court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of trust." *Id.* Finally, where "there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III.   ANALYSIS

### A. County of Mercer's Motion to Dismiss

The County argues that the Complaint must be dismissed for failure to state a claim, because Plaintiff cannot maintain a cause of action for negligence against it.[3] The County, relying on a certification from the Mercer County Engineer, George Fallat, argues that it has no duty to Plaintiff, because it had no control or jurisdiction over the section of road where Plaintiff's accident occurred. (Certification of George Fallat ("Fallat"), ¶¶ 4-5.) Plaintiff responds that the Complaint contains sufficient factual allegations to plead a negligence claim.[4] For the following reasons, the Court denies the County's motion.

---

[3] Defendant cites to *Wellington v. Estate of Wellington*, 359 N.J. Super. 484, 496 (App. Div. 2003) (quoting *Auster v. Kinoian*, 153 N.J. Super. 52, 56 (App. Div. 1977)), for the proposition that "a Plaintiff 'has an obligation to demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.'" However, this authority is not relevant, because it concerns a summary judgment motion, not a motion to dismiss.

[4] Plaintiff also opposes the County's motion to dismiss on the basis that the motion is premature, because the County has not answered the Complaint. However, this argument is plainly without merit. A defendant may file a motion to dismiss before answering a complaint. *See* Fed. R. Civ. P. 12(a)(4).

4

"In order to sustain a cause of action for negligence under New Jersey state law, 'a plaintiff must prove four core elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" *Indus. Mar. Carriers (Bah.) v. Thomas Miller (Americas) Inc.*, 399 Fed. App'x 704, 710 (3d Cir. 2010) (quoting *Polzo v. County of Essex,* 196 N.J. 569, 584 (2008)). A public entity in New Jersey may be liable for an injury caused by a dangerous condition of its property. N.J.S.A. 59:4-2. Here, the Complaint alleges that Defendants, including the County, "owned, operated, leased, maintained, controlled, and were otherwise responsible for the condition" of the roads, and that Plaintiff's injuries were caused by Defendants' negligent conduct. (Compl. ¶¶ 15-16.) The Complaint additionally contains factual allegations regarding the date and location of the accident, along with the condition of the roadway at the time. (Compl. ¶¶ 6-9.) Assuming that the allegations in the Complaint are true, Plaintiff has sufficiently pled facts to state a negligence claim against the County.

Nevertheless, the County argues that it is not the governmental entity responsible for maintaining the roadway where the accident occurred. In so arguing, the County relies on the certification of the Mercer County Engineer, Mr. Fallat, to support its motion to dismiss. Mr. Fallat certifies that he has knowledge concerning ownership and maintenance of all roads belonging to the County. (Fallat, ¶ 2.) He further certifies that the County has no jurisdiction over the portion of Washington Road or the storm sewer grates at the accident location. (Fallat, ¶ 4.) The County argues that, as a result, it cannot be liable for failing to maintain a section of road for which it is not responsible. However, the County's reliance on Mr. Fallat's certification is not appropriate on this motion. A court reviewing a 12(b)(6) motion to dismiss must accept all well-pleaded factual allegations in a complaint as true, *Fowler*, 578 F.3d at 210, and it cannot consider extrinsic evidence that a defendant submits to dispute a factual allegation in a complaint. *See*

5

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.") While the County may cite to materials extrinsic to the Complaint on a motion for summary judgment, it may not do so on a motion to dismiss. The County's reliance on the certification of Mr. Fallat, which relies upon, and draws conclusions from, extrinsic documents, is not permitted on a motion to dismiss. Accordingly, the County's Rule 12(b)(6) motion is denied without prejudice.

### B.  Municipality of Princeton's Motion to Dismiss

The Municipality argues that the Complaint against it must be dismissed, because Plaintiff did not file a timely notice of tort claim in compliance with the New Jersey Tort Claims Act. In response, Plaintiff asks the Court to find that the tort claim notice he filed with the Municipality on September 27, 2019 is timely.

The New Jersey Tort Claims Act provides that claims for damages against public entities in New Jersey must be presented in accordance with the Act's procedures. N.J.S.A. 59:8-3. A claim relating to a cause of action for injury must be filed with a public entity no later than 90 days after accrual of the cause of action. N.J.S.A. 59:8-8. A plaintiff may then file suit six months after the public entity receives notice of the claim.[5] *Id.*

If a claimant fails to file a notice of claim within 90 days of the cause of action accruing, the claimant may seek leave under N.J.S.A. 59:8-9 to file a late notice. "That section permits a court to allow a plaintiff to file a late notice of claim under 'extraordinary circumstances,' if the

---

[5]  Plaintiff did not wait the required six months to file suit against the Municipality pursuant to 59:8-8. Plaintiff presented a notice of tort claim to the Municipality on September 27, 2019, and then filed suit on December 2, 2019, just over two months later.

motion is made within one year of the accrual of the claim." *Lowe v. Zarghami*, 158 N.J. 606, 613 (1999). Additionally, for a court to permit a late notice of claim, the public entity or employee must not be substantially prejudiced by the late filing. N.J.S.A. 59:8-9. "[T]he filing of 'a late notice of claim with an entity without leave of court is a nullity and does not constitute substantial compliance with the terms of [N.J.S.A. 59:8-9].'" *Rogers v. Cape May Cty. Office of Pub. Def.*, 208 N.J. 414, 427 (2011) (quoting Margolis & Novack, *Claims Against Public Entities*, cmt. on N.J.S.A. 59:8-9 (2011)) ("Though [the plaintiff's] notice . . . was a nullity, he did seek leave to file a late notice of tort claim . . . within one year of the accrual date.").

Here, there is no dispute that Plaintiff filed a notice of tort claim with the Municipality. However, he did not do so timely within 90 days, in accordance with N.J.S.A. 59:8-8. Plaintiff's cause of action accrued on December 10, 2018, the date of the accident, and he filed a notice of tort claim with the Municipality on September 27, 2019, well over 90 days later. Thus, Plaintiff's notice of claim became a "nullity" because it was filed late. Nevertheless, according *Rogers*, 208 N.J. at 427, a court can retroactively permit the filing of a late notice of claim if the plaintiff moves to seek leave from court within a year of a cause of action's accrual date. However, here, Plaintiff has neglected to file a formal motion to seek leave for the late filing of his notice of claim within a year of the accrual of his cause of action, which expired on December 10, 2019. Even if the Court were to construe Plaintiff's March 9, 2020 Opposition Brief as his motion for leave to file a late notice of tort claim, it fell outside the one year period, and the Court lacks the discretion to permit the late filing.[6] Therefore, the Municipality's motion to dismiss for failure to file a timely notice of tort claim is granted.

---

[6] If Plaintiff had moved to seek leave to file a late notice of tort claim before the one year deadline of December 10, 2019, the Court would have permitted the late filing, as "extraordinary circumstances" existed. First, Plaintiff and his counsel conducted diligent research to discover

## IV. CONCLUSION

For the foregoing reasons, the County of Mercer's 12(b)(6) motion to dismiss for failure to state a claim is **DENIED**. The Municipality of Princeton's motion to dismiss for failure to file a timely notice of tort claim is **GRANTED**.

DATED: June 25, 2020

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

---

who owned the section of road where the accident occurred. Their investigation uncovered a Princeton Community Master Plan, which suggested that the County of Mercer owned and maintained Washington Road. Plaintiff filed a timely notice of claim with the County, and the County did not deny that it owned the relevant section of road until June 29, 2019, after the 90 day deadline had expired. Additionally, the Municipality has not provided sufficient reasons as to how it has been substantially prejudiced by the late claim. "The fact of delay alone does not give rise to the assumption of prejudice. . . ." *Mendez v. S. Jersey Transp. Auth.*, 416 N.J. Super. 525, 535 (App. Div. 2010). However, for the Court to exercise that discretion, Plaintiff must have filed his motion for leave to file a late notice of claim within one year of the accrual date. While I recognize this is a draconian result in light of the procedural history here, I am bound by the dictates of the New Jersey Supreme Court on this issue.

8