**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 23-1663 & 23-1689
_____

GILBERT SPENCER, III,
                       Appellant

v.

PRINCETON UNIVERSITY; MUNICIPALITY OF MERCER COUNTY;
MUNICIPALITY OF PRINCETON; JOHN DOES, 1–3; ABC, INC. 1–3

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-19-cv-20945)
District Judge: Honorable Georgette Castner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2024

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed:  February 13, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

**KRAUSE**, *Circuit Judge*.

On December 10, 2018, Appellant Gilbert Spencer, III, was seriously injured when he rode his bike over a poorly maintained sewer grate on the campus of Princeton University. After serving notice on Mercer County[1] within the 90-day period required for claims under the New Jersey Tort Claims Act (NJTCA),[2] *see* N.J. Stat. Ann. § 59:8-8 (West 2023), Spencer's counsel also provided notice to the Municipality of Princeton. Because the latter notice came over nine months after Spencer's accident, however, the District Court dismissed Spencer's claim against the Municipality as untimely. For the reasons set forth below, we will affirm.

**I.   BACKGROUND**

In the days following the accident, Spencer's counsel took steps to determine the entity responsible for the grate. Those steps included confirming the location of the accident, reviewing public documents, and retaining an investigator. Ultimately, counsel and the investigator came to the same conclusion: Mercer County owned and maintained the sewer grate at the time of Spencer's injury. Consistent with that conclusion,

---

[1] The County of Mercer is incorrectly captioned as "Municipality of Mercer County."
[2] Because (1) there is no "direct collision" between a federal rule and the NJTCA's notice requirement; (2) the notice requirement is outcome determinative and "failure to apply [it] would frustrate the twin aims of . . . discourag[ing] forum shopping and avoid[ing] inequitable administration of the law"; and (3) no countervailing federal interest prevents the notice requirement from being applied in federal court, the requirement is substantive for purposes of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). *Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 262 (3d Cir. 2011); *see Schmigel v. Uchal*, 800 F.3d 113, 114–15, 121–24 (3d Cir. 2015) (concluding that a similar notice requirement is substantive).

2

Spencer's counsel filed a timely notice of claim with the County on February 18, 2019 (70 days after the accident).

As it turned out, however, the County neither owned nor maintained the sewer grate. Instead, ownership and maintenance responsibility fell to the Municipality.[3] In Spencer's telling, counsel first discovered this fact on September 27, 2019, when a claims administrator for the County identified the Municipality as the responsible party.

That same day—291 days after the accident—Spencer's counsel "immediately" filed a notice of claim with the Municipality. Opening Br. 4. Although the NJTCA permits a claimant, with a court's leave, to file notice "within one year after the accrual of his claim," N.J. Stat. Ann. § 59:8-9 (West 2023), counsel did not seek leave to file a late notice. Instead, after the Municipality denied ownership of the accident site and pointed to the University as the responsible party, Spencer filed suit against the University, the Municipality, and the County.[4]

The Municipality eventually acknowledged that the accident site "appears to be ours," App. 207 (quoting a Municipality attorney), but the District Court granted the

---

[3] The road on which Spencer was injured is maintained in part by the County and in part by the Municipality. Spencer's accident occurred close to the line where Municipality maintenance ends and County maintenance begins.

[4] Spencer filed suit on December 2, 2019, less than six months after filing his notice of claim with the Municipality. *See* N.J. Stat. Ann. § 59:8-8 (allowing a claimant to sue only "[a]fter the expiration of six months from the date notice of claim is received"). Because we can decide this case on lack of timely notice alone, we need not address Spencer's premature complaint.

Municipality's motion to dismiss for failure to file a timely notice and then granted summary judgment for the remaining defendants.[5]

## II.   DISCUSSION[6]

On appeal, Spencer challenges the dismissal of his claim against the Municipality, arguing that (1) the NJTCA's 90-day clock began to run not on the date of Spencer's injury, but on the date counsel learned of the Municipality's ownership; and (2) the Municipality should be estopped from asserting a timeliness defense because it made misleading statements to counsel.  Both arguments are unavailing.

### A.   Accrual

As a general matter, a claim accrues under the NJTCA "when any wrongful act or omission resulting in any injury, however slight, for which the law provides a remedy, occurs."  *Beauchamp v. Amedio*, 751 A.2d 1047, 1050 (N.J. 2000).  But that "occurrence rule" gives way in New Jersey when "the victim either is unaware that he has been injured or, although aware of an injury, does not know that a third party is responsible."

---

[5] The order granting summary judgment did not dispose of Spencer's claims against the John Doe or ABC, Inc. defendants.  Because these defendants were never identified or served with process, however, they "are not parties within the meaning of [Fed. R. Civ. P.] 54(b) . . . [and] the district court's orders are . . . final and appealable."  *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 39 n.1 (3d Cir. 1988); *see also, e.g.*, *James v. Mazda Motor Corp.*, 222 F.3d 1323, 1324 nn.1, 6 (11th Cir. 2000).

[6] The District Court had jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction under 28 U.S.C. § 1291.  To the extent the citizenship of unserved parties is "considered in the calculus for assessing diversity," *see Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000), we "have the authority to dismiss dispensable John Doe parties in order to preserve diversity jurisdiction," *see Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 494 (3d Cir. 2006), and will do so here.

*Id.*  In that circumstance, the so-called "discovery rule" comes into play, and the claim accrues when the victim discovers both the injury and the third party's involvement.  *Id.*

Spencer relies on *Ben Elazar v. Macrietta Cleaners, Inc.*, 165 A.3d 758 (N.J. 2017), to argue that the discovery rule applies and that his notice to the Municipality—sent on the same day counsel discovered the Municipality's role—was therefore timely. In that case, the New Jersey Supreme Court held that claims against a municipality accrued not when the plaintiffs learned of a dry cleaner's leaking chemical tanks, but instead when they discovered (via a public-records request) that those tanks were located on municipal property.  *Id.* at 761–62, 765–68.  As in *Ben Elazar*, Spencer argues, there was "nothing to suggest" prior to counsel's September 27th conversation with the administrator "that [the Municipality] was responsible" for Spencer's injury.  *Id.* at 766.

Unfortunately for Spencer, *Ben Elazar* is distinguishable.  Plaintiffs there initially sued only a private party because nothing in their investigation could have revealed the tanks were on municipal land, meaning they had no reason to believe *any* public entity caused their injuries.  *See id.* at 766–67.  But the New Jersey Supreme Court drew contrasts between that situation—where the discovery rule did apply—and cases like *Beauchamp v. Amedio*, 751 A.2d 1047 (N.J. 2000), and *McDade v. Siazon*, 32 A.3d 1122 (N.J. 2011), where it did not because "the plaintiffs knew immediately that one or more public entities were involved" and "reasonable diligence" would have revealed the responsible party or parties, *Ben Elazar*, 165 A.3d at 766–67.

Spencer's case aligns with *Beauchamp* and *McDade*, not *Ben Elazar*.  Spencer's counsel was (or should have been) aware from public records that (1) Spencer's accident

5

occurred on a public road almost certainly maintained by a public entity; (2) the grate itself was located near the County–Municipality maintenance line; and (3) the responsible party was therefore either the County or the Municipality.  And there is no reason Spencer could not have filed notices with both the County and the Municipality—as he eventually did—and sued the appropriate entity after confirming (or in order to confirm) ownership.  In addition, although Spencer could have sought the District Court's leave to provide notice to the Municipality before or after filing suit,[7] N.J. Stat. Ann. § 59:8-9, he did not do so.  Counsel's investigation here was no doubt more diligent than the investigation in *McDade*, *see* 32 A.3d at 1131–32, but we do not read *Ben Elazar* to cover a scenario like this one where the plaintiff is (or reasonably should be) aware of two potentially responsible public entities but gives notice to only one.

    Because there was evidence "to suggest that [the Municipality] was responsible" for Spencer's injury before September 27, 2019, *Ben Elazar*, 165 A.3d 766, the discovery rule is inapplicable.  Spencer's claim thus accrued on December 10, 2018, and Spencer's notice to the Municipality fell outside of the NJTCA's 90-day window.  For those reasons, even viewing the facts in the light most favorable to Spencer, *see, e.g.*, *Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 708 (3d Cir. 2020), we cannot say the District Court erred in dismissing Spencer's claim against the Municipality.

---

[7] Spencer filed suit eight days before the NJTCA's one-year window ended.

B. **Estoppel**

Spencer argues in the alternative that even if the claim accrued on December 10, 2018, his failure to comply with the NJTCA's notice requirement should be excused because "a public entity will be estopped from asserting [a timeliness] defense 'where the interests of justice, morality and common fairness dictate that course.'" *See Hill v. Bd. of Educ. of Middletown Twp.*, 443 A.2d 225, 227 (N.J. Super. Ct. App. Div. 1982) (quoting *Anske v. Borough of Palisades Park*, 354 A.2d 87, 90 (N.J. Super. Ct. App. Div. 1976)).

It is true that New Jersey courts have estopped public entities from arguing untimeliness when the entities themselves prevented timely notice. *See, e.g.*, *Feinberg v. State Dep't of Env't Prot.*, 644 A.2d 593, 597 (N.J. 1994). But this is not a case where the Municipality thwarted timely notice through its misrepresentations. The Municipality first spoke with Spencer's counsel *after* counsel sent the Municipality a notice of claim, and *only then* did the Municipality state that the University owned and maintained the accident site.

Nor did the Municipality stop Spencer's counsel from seeking leave to file a late notice under N.J. Stat. Ann. § 59:8-9. Even if Spencer's counsel reasonably relied on the Municipality's statements, nothing prevented counsel from seeking leave on September 27, 2019 (before counsel talked to the Municipality, and when it was clear that notice came more than 90 days after Spencer's injury) or in the days after filing suit (when the University produced evidence that it had no ownership responsibility). Because the Municipality did not stop Spencer from filing a timely claim or seeking leave to file out of time, an estoppel argument cannot justify reversal.

## III.  CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.  We dismiss Spencer's claims against John Does 1–3 and ABC, Inc. 1–3 without prejudice.